IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAYNE POTTS, as personal
representative of the estates of
WILLIAM E. POTTS, MARY POTTS,
and ANNA POTTS,

    Plaintiff,

vs.                                            4:04-CV-074-SPM

FORD MOTOR COMPANY;
BUDGET RENT A CAR SYSTEMS,
INC.; and BUDGET RENT A CAR
SYSTEM, INC.,

    Defendants.
_____/

**ORDER OVERRULING DEFENDANT'S RULE 72(a) OBJECTIONS TO MAGISTRATE'S APRIL 5, 2005 ORDER ON ATTORNEY FEES IN CONNECTION WITH MARCH 23 CONFERENCE**

**THIS CAUSE** comes before the court upon "Defendant Ford Motor Company's Rule 72(a) Objections to Magistrate Judge's April 5, 2005 Order Awarding Attorney's Fees in Connection With the March 23, 2005 Meet and Confer Conference" (doc. 245) filed April 19, 2005 and Plaintiff's response (doc. 247) filed April 22, 2005.  Ford objects to the magistrate's finding that Plaintiff Potts is entitled to attorney fees and costs incurred in filing the motions to compel

resolved in the magistrate's order of April 5, 2005 (doc. 234)[1] and incurred in preparing for and attending the discovery conference on March 23, 2005. For the following reasons, Ford's objection to the Magistrate's order is OVERRULED.

### I. Standard of Review

A district court reviews objections to pre-trial orders under Rule 72(a) of the Federal Rules of Civil Procedure. The court "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The magistrate's orders should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with "the definite and firm conviction that a mistake has been committed." Germann v. Consolidated Rail Corp., 153 F.R.D. 499, 500 (N.D.N.Y. 1994) (*quoting* Nikkal Indus., Ltd. v. Salton, Inc., 689 F. Supp. 187, 189 (S.D.N.Y. 1988)).

### II. Discussion

Federal Rule of Civil Procedure 37(a)(4) provides for sanctions of parties who abuse the discovery process. It was designed "to encourage extrajudicial discovery with a minimum of court intervention." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2288 (2d ed. 1995). The burden is on the losing party to avoid assessment of expenses; in fact, the rule mandates the award of fees unless the court makes certain findings. Ford

---

[1] Doc. 188 was granted in part; doc. 200 was granted in its entirety.

argues that it should not be required to pay fees in this instance because the special report filed by Plaintiff did not fully advise the Court of the discussions held during the meet-and-confer; because it made a good-faith effort during the meet-and-confer; and because Plaintiff failed to agree with Ford on various objections and answers that were ultimately sustained by the magistrate judge. Each ground is addressed in turn.

### *Special Report*

Ford seeks to place blame on Plaintiff for not setting forth in her special report "the efforts made by Ford to resolve the issues that were reported as 'unresolved.'" (Doc. 245 at p. 5)  Had Plaintiff done so, she would have directly contravened the magistrate's order, which explicitly directed that Plaintiff advise the Court "of the status of their conferral, generally, and . . . identify the motions discussed and specify those items unresolved as to each motion that require Court intervention. It will not be necessary to discuss the nature of the discussions, simply the result thereof in as concise a fashion as possible.  The Court does not want additional argument on any issues already before it."  (Doc. 210 at p. 5, emphasis added.)

Plaintiff's report (doc. 220) succinctly lists each motion, outlines to what extent the motion was resolved and notes any concessions made by either side. The magistrate's admonition that no argument be included in the report was designed to avoid precisely what Ford does in its appeals–rehash issues that

were previously decided in Plaintiff's favor.  No error was committed in this regard.

### *Good-Faith*

In an attempt to argue that it acted in good faith during the meet-and-confer, Ford proffers seven categories of issues covered by the parties during the conference and recounts the discussion regarding electronic stability control ("ESC").  Good faith, however, is not measured by how many areas are discussed, or how in-depth those discussions may be; it is measured instead by notable advancement in the discovery process toward an efficient resolution, whether by settlement or trial.  The discouraging result of this meet-and-confer evinces little, if any, progress.  As noted by the magistrate, three motions remain unresolved in their entirety, and only 18 items in the other four motions were resolved, putting the burden again on the Court to sift through the wheat and chaff of this case.  Ford, according to Plaintiff, did not withdraw <u>any</u> of its objections during the conference, despite the magistrate's pointed remark that "[t]he Court . . . is confident that the parties can resolve many[,] if not all[,] of the issues raised therein since many of Ford's objections are based on similar bases as have been found untenable in previous Orders, including this one."  (Doc. 210 at p. 5)  Ford's refusal to withdraw those very objections demonstrates a lack of good faith in participating in the conference.

As to Ford's claims that its objections were made solely to preserve its

rights at trial, Federal Rule of Civil Procedure 26(b)(1) provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." It is axiomatic that the discovery process will gather more information than will be admitted into a trial proceeding. Relevance as it pertains to discovery is not equivalent to relevance vis-a-vis the admissibility of evidence at trial. If Ford's true intention in lodging the objections had been solely to preserve its rights at trial, then Ford's continued stonewalling in the face of clear directives from the Court provides additional evidence of bad faith.

### *Other Objections*

Finally, Ford seems to argue that Plaintiff is not entitled to any attorney fees because some of its objections were sustained by the magistrate. While Ford is correct in its assertion that a number of its objections were sustained, the magistrate's order carefully distinguished between requests and interrogatories to which Ford lodged substantially-justified objections and those to which Ford simply refused to consent or compromise (in spite of multiple warnings from the magistrate). The fact that some of Plaintiff's motions were denied in part does not preclude an award of attorney fees for those portions which were granted, and the fact that the magistrate found reasonable disagreement between the parties as to certain objections does not change the fact that Ford has unreasonably maintained untenable positions as to other objections. Ford has

not made the showing necessary to relieve the Court of its responsibilities under Rule 37 to ensure that parties do not unduly hinder, delay or obstruct the discovery process and under Rule 1 to "secure the just, speedy, and inexpensive determination of every action."

## III.  Conclusion

Ford has failed to demonstrate that the magistrate's rulings were clearly erroneous, and the Court's review of all available records in the case has certainly not left it with "the definite and firm conviction that a mistake has been committed."  Accordingly, it is

**ORDERED AND ADJUDGED** that the 72(a) objection filed by Ford (doc. 245) is hereby *overruled*.

**DONE AND ORDERED** this sixteenth day of May, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

/pao