**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JAYNE POTTS,**

     **Plaintiff,**

**vs.**                                **CASE NO. 4:04CV74-SPM/AK**

**FORD MOTOR COMPANY,
et al,**

     **Defendants.**

_____/


**O R D E R**

Presently before the Court are the following motions: (1) Plaintiff's Motion to Compel Production of Documents Requested in Eleventh Request for Production to Ford (doc. 207); (2) Plaintiff's Motion to Compel Production of Documents Requested in Eighth Request for Production to Ford (doc. 191); and (3) Plaintiff's Second Motion to Compel Defendant Ford to Immediately Comply with November 2 Order and for Sanctions (doc. 208).  Also before the Court for decision are Plaintiff's Affidavits of Fees and Expenses.  (Docs. 218 and 242).

**Plaintiff's Motion to Compel (doc. 207)**

Initially, the Court rejects Plaintiff's conferral argument because conferral was ordered and undertaken in a March 23 conference after this motion was filed and some of the issues were resolved.  (See Doc. 220).  While it is true that conferral is supposed to take place prior to the filing of a motion, the Court finds that the better course is to proceed to the merits of the requests at issue.

**The Court also directs that in the future Ford draft its responses to the motions filed by Plaintiff in corresponding fashion, *i.e.* if Plaintiff addresses the discovery requests in numerical order Ford shall respond likewise.**  Indeed, Local Rule 26.2(D) requires that motions to compel be submitted in this precise format for a reason.  If the Court has difficulty *finding* Ford's argument in response to the items at issue, Ford loses a lot of ground in making that argument persuasive.  For example, at issue in the motion are Request Nos. 11, 12, 13, 42, 43, 44, 46, and 49, but the Court was unable to locate any discussion of these items.  Instead, Ford arbitrarily lumped its argument under headings entitled "documents in possession of third parties," "documents produced by Ford," and "Ford's objections."  The requests at issue are not clearly identified under these headings and are organized in an illogical fashion, *e.g.* the heading concerning documents in possession of third parties begins with discussion about Request No. 9, which was resolved at the March 23 conference, a point Ford concedes at the end of the discussion with the comment "these categories have been withdrawn from the Motion.  No further discussion is necessary."  So why even include a discussion of Request No. 9 in the response at all?  And "these categories," which the Court presumes to mean documents in the possession of third parties, have *not* been withdrawn.  Request Nos. 1 through 3 concerning un-redacted copies of documents submitted to NHTSA and patent information requested in No. 61 were still at issue according to Plaintiff's report of the March 23 conference.  (See Doc. 220, ¶ c).

The overall weakness of Ford's responses to Plaintiff's motions implies a general lack of commitment to its positions in opposing the discovery requests.  For example,

**No. 4:04cv74-spm/ak**

although Ford objected primarily to the relevancy of most of Plaintiff's discovery requests at issue in the first round of motions to compel, it wholly failed to address the relevancy arguments of Plaintiff in its responses to the motions, and the Court, without any argument to the contrary, adopted Plaintiff's explanations of relevancy.  (See Doc. 122, pp. 7, 11).  This practice of objecting to all the discovery requests posed to it, then dropping the ball, so to speak, when pressed to support their objections in response to a motion to compel smacks of obstruction and nothing more.  Further, as will be evident in the discussion below, Ford continues to make general, boiler-plate objections which have been expressly overruled numerous times.  The Court's repeated warnings to Ford to change its tactics have gone unheeded.  Obviously, something more is necessary, which the Court will address below, but first an item by item discussion of the requests:

Request Nos. 1 through 3-Objections overruled.  The Court is not familiar with the "public domain" exception to Rule 34, Federal Rules of Civil Procedure, and Ford has provided no rules or case law to support its position that if documents are out there somewhere for public retrieval, then they do not have to produce them.[1]  Further, Plaintiff has certified that it has reviewed the documents available to the public and they are redacted copies.  Plaintiff seeks the un-redacted copies submitted by Ford to NHTSA.  Consequently, Ford's argument that these documents are "equally available" to Plaintiff is not well taken, as is its argument that the redacted information may be

---

[1]  Plaintiff has provided a case in which a number of courts are cited for rejecting this objection.  See St. Paul Reinsurance Co. v. Commercial Fin. Corp., 198 F.R.D 508 (N.D. Iowa 2000).

**No. 4:04cv74-spm/ak**

sensitive because a protective order has been in place during the course of discovery to protect precisely this type of information.

Request No. 11-Objections overruled.  The Court has already ruled that information regarding the Ford Transit is relevant and Ford agreed, after objection, to search for and produce the "press packet."

Request No. 12-Objections overruled.  The Court has already ruled that discoverable information is not limited to the 2002 E-350 SCW.

Request No. 13-Objections overruled.  The Court has already ruled that discoverable information is not limited to the 2002 E-350 SCW.  Further, in the absence of any argument to the contrary, Plaintiff has fully explained the relevance of the information about testing other vehicles weighing over 8500 pounds.

Request No. 24-Objections overruled.  The Court has already ruled that discoverable information is not limited to the 2002 E-350 SCW, and the Court has specifically ruled that information about Volvo is discoverable.  Ford's argument that it has provided the deposition of Priya Prasad and this request should therefore be withdrawn does not address the request as written.  Plaintiff requests tests and computer models also, and Ford's proffer of the deposition does not cover this.

Request No. 26-Objections overruled.  Ford's concern over proprietary information is not well taken in light of the protective orders entered in this case, and Ford's offer to search and produce whatever it locates is evasive.  Given that the documents requested concern the Econoline model and may or may not address

**No. 4:04cv74-spm/ak**

Plaintiff's claim that Ford chose not to increase the safety features of the Econoline because of profit issues makes this material discoverable.

Request Nos. 29 through 35 and 42-Objections overruled.  The Court has already ruled that discoverable information is not limited to the 2002 E-350 SCW and Ford's objection based on proprietary concerns is not well taken in light of the protective orders entered into by the parties.  Ford does not deny that Interactive Vehicle Dynamics (IVD) is the same as electronic stability control (ESC), and the Court has already ruled that information about alternative designs such as ESC is discoverable.

Request No. 37-Objections overruled.  The Court has already ruled that discoverable information is not limited to the 2002 E-350 SCW and whether or not laminated glass would have prevented the ejection of Plaintiff's decedents is certainly an issue in this case.

Request No. 38-Objections overruled.  The Court has already ruled that discoverable information is not limited to the 2002 E-350 SCW.  If Ford does not have the crash film it referred to in its document number 36227316, then it shall certify that it does not have this in its possession, custody or control.  Otherwise, the footage shall be produced.

Request No. 39-Objections overruled.  Plaintiff has narrowed the request to the E-350 SCW, and in light of Ford's reference to its "Occupant Safety System Department" in what appears to be its own document, any argument that the term is vague is not well taken.

**No. 4:04cv74-spm/ak**

Request No. 40-Objections overruled.  The Court has already ruled that information about alternative designs, regardless of whether they were utilized on the E-350, is relevant.  Further, as was held regarding No. 39 *supra* the Court does not take seriously Ford's objection on grounds of vagueness to the use of the term "Occupant Safety System Department" in light of Ford's reference to this department in what appears to be its own document.

Request No. 43-Objections overruled.  In the absence of any argument to the contrary, the Court finds Plaintiff's explanation of relevancy to be persuasive.  (See initial discussion above.  Ford did not even address this item in its response).

Request No. 44-Objections overruled.  In the absence of any argument to the contrary, the Court finds Plaintiff's explanation of relevancy to be persuasive.  (See initial discussion above.  Ford did not even address this item in its response).

Request No. 45-Ford made no objections, but offered to produce documents after a "duly diligent search."  Ford shall either produce documents responsive to this request or provide the affidavit of the person or persons who conducted the search it describes and provide details of that search and certify that no such documents were located.

Request No. 46-Objections overruled.  In the absence of any argument to the contrary, the Court finds Plaintiff's explanation of relevancy to be persuasive.  (See initial discussion above.  Ford did not even address this item in its response).

**No. 4:04cv74-spm/ak**

Request No. 49-Objections overruled.  In the absence of any argument to the contrary, the Court finds Plaintiff's explanation of relevancy to be persuasive.  (See initial discussion above.  Ford did not even address this item in its response).

Request Nos. 50 through 55-Objections overruled.  The Court has already ruled that information about alternative designs, included side airbags, is discoverable.

Request Nos. 56 and 57-Objections overruled.  The Court has already ruled that information about alternative designs, including side airbags, is discoverable.  Ford's objection that it does not understand the term "rear passenger seats," is a frequently used, but ineffective, ploy to thwart Plaintiff's efforts to engage in legitimate discovery, and the fact that Plaintiff's decedents *rented* the van in question, and therefore, were not in a position to select airbags as an option renders Ford's response completely meaningless.

Request Nos. 58 through 60-Objections overruled.  The Court has already ruled that information about alternative designs is discoverable.

Request No. 61-Objection overruled.  Ford shall either produce the patent information requested or certify that these documents are not within its possession, custody or control.

### Plaintiff's Motion to Compel (doc. 191)

Request No. 1 (a), (c) through (h)-Objections overruled.  The Court has already determined that information about alternative designs is relevant (doc. 122, 210), the Court has already ordered that information about the  "cost of equipping" be produced and that the term is sufficiently clear as to allow a response (doc. 234), and the Court

**No. 4:04cv74-spm/ak**

has already overruled Ford's objections to the term "seat belt pretensioners which operate in a rollover." (Doc. 234). Further, the Court has previously directed Ford not to refer Plaintiff to a pile of documents without identifying responsive documents by Bates number.

Request No. 2-Objections overruled. The Court has already overruled any objection to the relevancy of alternative designs (doc. 122, 210). Further, the Court finds Ford's response that "until Ford actually begins adapting these alternative designs to the E-350 itself, Ford can only speculate as to the potential benefits" of the safety features at issue to be disingenuous. It is highly unlikely that Ford would add features to its vehicles without any information about what benefits these features would provide. Unless Ford is willing to certify that it added safety features without any information, tests, reports or models that these features would provide safety benefits, then Ford shall produce whatever documents it relied upon that described the safety benefits of these features.

Request Nos. 3 through 7-Objections overruled. The Court finds that information about the effectiveness of warnings in owners' manuals or labels is relevant to this lawsuit. The Court further finds that the terminology of the requests is sufficiently clear to warrant a response. Ford stated in its response that it would search for such studies and produce same if located, but Plaintiff contends that no documents have been produced. Ford also asks for these studies to be identified, if Plaintiff knows that they exist. Plaintiff is certain that Ford will use the defense that Potts should have read the owners manual and also appears certain that statistical information on the effectiveness

**No. 4:04cv74-spm/ak**

of warnings placed in such manuals, as well as the numbers of persons who actually read the manuals, has been compiled by Ford.  The Court agrees that these statistical compilations are likely to exist, but suggests that if Plaintiff can identify these documents by title or other means then it should do so to facilitate their production.

Request Nos. 10 through 16-Objections overruled.  Ford's proprietary concerns have been addressed in protective orders entered into by the parties, and the Court finds that information about post-accident changes to the Econoline model is discoverable.

Plaintiff's Motion to Compel compliance with November 2 Order (doc. 208)

If Ford's response to this motion were not such a slap in the face of this Court, it would be laughable.  Ford takes the ridiculous position that the November 2 order only directed that it supplement two of its responses to Plaintiff's Third Set of Interrogatories, so that is all it did.  Actually the November 2 order overruled **all** of Ford's objections **except** two, for which it sustained the objections, but ordered supplementation.  (Doc. 122).  Unbelievably, Ford takes the position that, although the Court overruled its objections to Plaintiff's interrogatories, it must not have meant Ford to answer them since it only directly ordered supplementation of two responses.  Ford takes this position in spite of  the Court's direction in bold print that, **"ALL RESPONSES TO PLAINTIFF'S DISCOVERY HEREIN DIRECTED TO BE MADE SHALL BE DONE ON OR BEFORE NOVEMBER 16, 2004."**  Obviously, counsel for Ford believes it can play games with the Court as well as the Plaintiff.  The ridiculous position Ford takes requires no further

**No. 4:04cv74-spm/ak**

consideration by the Court, and Plaintiff's motion to compel (doc. 208) is **GRANTED** in its entirety.

Sanctions by the Court

Rule 37, Federal Rules of Civil Procedure, allows a court leeway to "make such orders in regard to the failure [to cooperate in discovery] as are just...."  The rule suggests a number of options, but the Court is not limited to this list.  <u>See</u> Rule 37(b)(2)(A) through (E).  The Court has now ruled on nearly twenty (20) discovery motions and has been unable to persuade Ford's counsel to discontinue discovery practices that have been labeled obstructive, irritating, ineffective, and sanctionable. While the Court Is not certain that Ford itself has not directed counsel to engage in these precise tactics, the Court *will* make certain that Ford, the client, is fully apprised of the costs of this practice and the precise rulings by this Court that have resulted in the sanctions that are racking up against it.  Counsel for Ford shall forthwith mail to its client, Bill Ford, Chairman and Chief Executive Officer of Ford Motor Company, and General Counsel for Ford Motor Company, whoever that may be, copies of the following Court Orders: Docs. 122, 193, 199, 210, 234, 240, and 254, as well as a copy of this order.  Counsel for Ford shall certify by Notice of Service, to be filed in this cause as soon as this is accomplished, that said documents were in fact delivered to Mr. Ford and General Counsel.

Plaintiff's Affidavits of Fees and Expenses (docs. 218 and 242)

Plaintiff has filed two affidavits of fees and expenses seeking reimbursement for $44,022.75.  Although Ford was offered the opportunity to respond to the

**No. 4:04cv74-spm/ak**

reasonableness of the sanctions sought, it has not responded to the first affidavit at all.
Given the same opportunity to respond to the second affidavit (doc. 242), Ford filed a
Notice of Intent to File Objections to Plaintiff's Affidavits, reserving its "right" to file
objections, but none have been filed to date even though the Rule 72(a) objections,
upon which this reservation was made, were overruled. (Doc. 254).  The proper course
of action in seeking to extend the time to adhere to the directives set forth in a court
order is to seek an extension of time.  The filing of a notice reserving rights is not the
proper procedural mechanism for achieving this end.  Therefore, Ford has failed to
timely respond or otherwise object to Plaintiff's second affidavit also.

Thus, the undersigned has found that Defendant Ford was substantially
unjustified in opposing the motions granted in whole or in part by the Court's Orders
entered on November 2, 2004, and April 5, 2005, (docs. 122, 199, and 234) and these
findings were upheld by the district judge on appeal.  (Docs. 193, 240 and 254).  Having
reviewed the affidavits submitted by Plaintiffs, the Court finds that the fees and
expenses sought are reasonable, and Defendant Ford is herein directed to mail or
otherwise deliver to Counsel for Plaintiff a check in the amount of $44,022.75 and shall
make such payment on or before June 8, 2005.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's Motion to Compel (doc. 191) is **GRANTED**, and Defendant Ford
shall produce documents responsive to the requests at issue in the motion on or before
**June 8, 2005.**


**No. 4:04cv74-spm/ak**

2.  Plaintiff's Motion to Compel (doc. 207) is **GRANTED**, and Defendant Ford shall produce documents responsive to the requests at issue in the motion on or before **June 8, 2005.**

3.  Plaintiff's Motion to Compel (doc. 208) is **GRANTED**, and Defendant Ford shall **FORTHWITH** comply with all the directives set forth in the November 2 Order and shall specifically answer **fully** and **completely** Plaintiff's Third Set of Interrogatories.

4.  Plaintiff shall within 20 days of this date serve and file an Affidavit of Fees and Expenses incurred in the filing of these motions (docs. 191, 207, 208), and Defendant may, within ten days of service of Plaintiff's affidavits, serve and file a response raising any objections it has to the reasonableness of the fees and expenses sought.

5.  Counsel for the Defendant Ford shall **FORTHWITH** mail or otherwise deliver to Bill Ford, Chairman and CEO of Ford Motor Company, and General Counsel for Ford Motor Company, whoever that may be, copies of the following orders: Document Nos. 122, 193, 199, 210, 234, 240, 254, as well as a copy of this order, and shall file a Notice of Service certifying that these documents have been so delivered which shall include the names and complete addresses of said delivery and the dates thereof.

6.  Defendant Ford shall on or before **June 8, 2005** mail or otherwise deliver to counsel for the Plaintiff a check in the amount of $44,022.75 for fees and expenses awarded for Defendant Ford's unjustified and obstructive tactics cited herein and reflected in the Court's previous orders noted above.

**DONE AND ORDERED** at Gainesville, Florida, this __26th__ day of May, 2005.

s/ A. KORNBLUM_____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 4:04cv74-spm/ak**