IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAYNE POTTS, as personal
representative of the estates of
WILLIAM E. POTTS, MARY POTTS,
and ANNA POTTS,

    Plaintiff,

vs.                                                                                         4:04-CV-074-SPM

BUDGET RENT A CAR
SYSTEM, INC. and BRAC GROUP, INC.,


    Defendants.
_____/

BUDGET RENT A CAR CORPORATION
and BRAC GROUP, INC.,

    Third-Party Plaintiffs,

vs.

EMPIRE FIRE AND MARINE INSURANCE,
a Nebraska corporation,

    Third-Party Defendants,
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION**

    **THIS CAUSE** comes before the Court upon "Plaintiff's Motion for

Clarification and Reconsideration of November 14 Order" (doc. 309) filed

November 23, 2005 and Defendants' response in opposition (doc. 310) filed December 8, 2005. Plaintiff requests clarification of this Court's order partially granting and partially denying summary judgment (doc. 307) on Count V of the third amended complaint.

Budget raised ten grounds for summary judgment, nine of which (Grounds II through IX) relate to the existence of a bailor-bailee relationship between Potts and Budget. Specifically, Plaintiff asks about the consequences of the Court's finding that no bailor-bailee relationship existed, stating that it is "unclear as to how Budget's status as non-bailor relates to Budget's entitlement to summary judgment on Grounds V through IX" (doc. 309 at 2, ¶4).

Simply put (and as noted by Budget), the arguments raised in Grounds V through IX all assume, *arguendo*, that the Court had already found a bailor-bailee relationship to exist:

>  V.    Even assuming arguendo that these defendants owed a bailor's duty, the warnings which Plaintiff contends placed these defendants on notice regarding a risk of rollover are insufficient as a matter of law.
> 
>  VI.   Abundant case law supports the conclusion that a genuine issue of material fact does not exist regarding a failure-to-warn claim when a warning could not have been heeded under the circumstances.
> 
>  VII.  Even if the Court finds that these defendants had a bailor's duty to warn about possible rollover, that claim is irrelevant in the particular facts of this case.
> 
>  VIII. Even if the Court finds that these defendants owed a bailor's duty to warn of vehicle instability, that claim is irrelevant in

        the particular facts of this case.

IX.    Even if the Court finds that these defendants had a bailor's duty to warn and that that duty was breached by those warnings, these defendants could reasonably rely upon appropriate warnings by the manufacturer.

These five grounds are premised upon the supposition that Budget was a bailor of the vehicle and thus had a duty to warn Plaintiff of its possible dangers; their purpose is to provide further argument in the event the Court concluded that a bailor-bailee relationship did exist. The mere presence of Grounds V through IX is to rebut liability based on that conclusion. As a matter of logic, once the Court determined that Budget was not a bailor, the arguments regarding a bailor's duty to warn became irrelevant.

    The Court was very specific in holding that "[s]ummary judgment as to Count V is granted with respect to Grounds II through IX of Defendant's motion *as they relate to a bailor-bailee relationship between Budget and Plaintiff*" (emphasis added). Budget is correct in its assertion that it is not a bailor, and thus all arguments based on the assumption that Budget is a bailor must fail. The holding was clearly limited and made no findings as to liability based on any other theories; the order simply responded to the grounds laid out in the motion for summary judgment as presented by Budget.

    Based on the above, the Court need not reach the issues of reconsideration or entry of final judgment under Federal Rule of Civil Procedure

54(B).  Accordingly, it is

      **ORDERED AND ADJUDGED** that the motion for clarification (doc. 309) is hereby *denied*.

      **DONE AND ORDERED** this <u>twenty-ninth</u> day of December, 2005.

      *s/ Stephan P. Mickle*
      Stephan P. Mickle
      United States District Judge

/pao